### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF OHIO

FILED

MAR 19 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

William L. Kelley, et. Al.

    Plaintiff,

Civil Case no. 5:21 CV 649

V.

Judge: **JUDGE CALABRESE**

Kristin Farmer, et. al.

    Defendant(s).

**CLASS ACTION (Civil. R. 23)**

---

### CIVIL RIGHTS COMPLAINT

---

### *JURISDICTION*

1. This ***Class action (Civil R. 23) Complaint*** is brought against the several named

   defendants under ***42 U.S.C., Section 1983*** and ***1985,*** and relevant State statutes and

common law which implicate the fundamental Civil Rights guaranteed to all citizens by the *First(1); Thirteenth(13);* and *Fourteenth(14) Amendments* to *The United States Constitution.* Jurisdiction is co-existent with State Courts of Ohio, and Federal jurisdiction is sited according to the Federal Rules Of Civil Procedure, *28 U.S.C., Section 1331, 1334, et. al. and 42 U.S.C., Sections 1983, 1985,* and *1988.*

## *PARTIES*

2.  The class-based Plaintiffs, William L. Kelley, John Simmons, and numerous others similarly situated and incarcerated throughout the State of Ohio are residents of the State of Ohio, as well as United States Citizen. Plaintiffs have been residents of the State of Ohio throughout all times relevant herein.

3.  The Defendants include: The City of Canton; The City Akron; Kristin Farmer (<u>Stark County Court of Common Pleas</u>); Alison Breaux (<u>Summit County Court of Common Pleas</u>); Ohio Department of Rehabilitation And Correction; Institution Inspector, Plank (<u>Marion Correctional Institution</u>); Librarian, Terry King (<u>Marion Correctional Institution</u>); Lt. Harr (<u>Marion Correctional Institution</u>); and Maureen O'Connor (<u>Supreme Court of Ohio</u>). The Defendants at all times relevant acted *"Under Color Of Law"* for purpose of this litigation.

4.  The Cities of Canton; and Akron; are political subdivisions of the State of Ohio and are located within Stark, and Summit Counties, which are located within the State of Ohio.

5.  Defendant, Kristin Farmer is named in her official and personal capacities. Defendant, Alison Breaux is named in her official and personal capacities. Defendant, Terry King is named in his official and personal capacities. Defendant, Plank is named in her official and personal capacities. Defendant, Harr is named in his official and personal capacities. Defendant, Maureen O'Connor is named in her official and personal capacities. The Cities of Canton; and Akron are named as corporate entities and political subdivisions who are charged with knowing the clearly established law regarding citizens Civil Rights.

## *VENUE*

6.  At all times relevant herein the acts and conduct and omissions complained of occurred within the political subdivision(s) of this district; and Stark, Summit, and Marion Counties, Ohio. The numerous Plaintiffs have resided and are incarcerated within the same Cities and Counties of Ohio.

## ***RELEVANT FACTS***

7. Between 2018 and 2020 the class-based Plaintiffs filed motions for re-sentence hearings (Revised sentence entries) due to ***Crim. R. 32©*** defects that rendered their sentences ***Void*** and ***Non-appealable orders*** just as numerous other ***Similarly situated*** individuals have. All three(3) Plaintiffs Motions for re-sentencing were denied with no facts, findings and conclusions of law , while other ***Similarly situated*** individuals Motions for re-sentencing were granted.

8. Between 2018 and 2020, in alignment with the Supreme Court of Ohio's ***McAllister v. Smith, 119 Ohio st.3d 163,*** the class-based plaintiffs filed a *Writ of Mandamus* to the Inter-mediate Appellate Courts and Supreme Court of Ohio to compel the issuance of re-sentence hearings by the Several Court of Common Pleas. All of the *Writs* were denied. See ***Brown v. Harris, 2018 U.S. Dist. Lexis 57923, at * 40 (***<u>*"In the event the trial court refuses to issue a revised sentencing entry, Brown can file an action for Writ of Mandamus or Procedendo to compel the court to act*</u>***).***

9. *On August 18th,  2020, in alignment with the Supreme Court of Ohio's* ***State Ex Rel. Mayer v. Henson, 97 Ohio st.3d 276,*** Plaintiff, Kelley, went as far as filing a *Writ of Prohibition* to the Supreme Court of Ohio to compel the *Fifth District Court of Appeals*

*"To correct the results of Their prior jurisdictionally unauthorized actions"* . ( <u>the Court</u> <u>of Appeals lacked jurisdiction to proceed in the cause, therefore the Court was required</u> <u>to dismiss the Appeal back to the Trial Court so that the court could issue a</u> ***<u>Final</u>*** ***<u>Appealable Order (Revised sentence entry)</u>*** <u>)</u>.

**10.** On September 10th, 2020, The Ohio Attorney General's Office filed a motion to dismiss Kelley's *Writ of Prohibition*. *S. Ct. Prac. R. 4.01(B(1)* requires that a response to the motion be filed within ***Ten(10) days*** of the filing of the motion to dismiss.

11. Subsequent to gaining knowledge of the Attorney Generals Motion to dismiss, Kelley kited the Institutions Librarian, Terry King, for legal passes to the law library so that he may meet the ***Ten(10) day S. Ct. Prac. R. 4.01(B)(1)*** filing requirement.

12. On September 14th, 2020, Kelley was provided two(2) legal passes to access the Institutions law library for 8:00 AM and 1:00 PM, for purpose of filing a response to the O.A.G's. Motion to dismiss. The 1:00 PM pass was canceled.

13. On September 14th, 2020, Kelley was the first(1) inmate through the library's door to access the law library. After signing in and then proceeding to access  the library's word

processors, Kelley was abruptly stopped by librarian King so that  two(2) inmates
entering the library subsequent to Kelley, who didn't have a statutory deadline to meet
for filing,  could jump in front of him to access the library's word processors (<u>The library
only had two(2) word processors available to inmates on this day of September 14th,
2020</u>).

14. On September 17th, 2020, Kelley was the third inmate through door. After watching King
direct the same two(2) inmates that were placed in front of him on September 14th,
2020, to the only two(2) available word processors, Kelley then turned, exited the
library, and returned to his lock. (<u>There was no need for him to sign in and sit through
session unable to access the only thing (word processors) he was passed to utilize</u>).

15. About 15 minutes subsequent to  Kelley returning to his lock, two(2) correction officers,
at the direction of Librarian King and Lt. Harr, entered Kelley's lock, placed him in hand-
cuffs, and escorted him to a holding cell in the whole (<u>solitaire confinement</u>).

16. After diligently trying  to access the law library's word processors, and being hand-
cuffed and placed in solitaire confinement in the process of doing so, Kelley was finally
able to finish and  file his Response to the O.A.G's Motion to dismiss on October 26th,
2020. (<u>After the damage was done and it was no way possible for Kelley to meet the **S.**</u>

_**Ct. Prac. R. 4.01(B)(1)**_ requirement, the library then made an additional three(3) more word processors accessible to inmates, bringing the total to five(5) ).

17. On October 26th, 2020, the Supreme Court of Ohio issued a letter to Kelley, reading:

_Dear Mr. Kelley:_

_"The enclosed motion in opposition to the motion to dismiss is being returned because it does not comply with the Ruled of Practice of the Supreme Court of Ohio. Specifically, **it is untimely. Rule 4.01(B)(1)** requires that a response to a motion be filed within **Ten(10) days** of the filing of the motion. Your response to the motion was due in the clerk's office on September 21, 2020. We received it on October 26th, 2020. The clerk's office is prohibited from filing untimely documents by **Rule 3.02(B)** and **motions to waive this rule are prohibited"**. See **(Attachment – A, attached hereto)**_

_Sincerely,_
_Clerk's Office --- end of notice._

18. On November 12th, 2020, Librarian King's  attempts to **Obstruct** Kelley from responding to the Attorney General's Motion to dismiss came to fruition. The O.A.G's Motion To Dismiss was granted. See **(Attachment – B, attached hereto)**

**7**

19. After receiving notice of the Ohio Supreme Court's November 12th, 2020 judgment on November 19th, 2020 (seven(7) days subsequent), Kelley placed a pre-prepared *Motion For Re-consideration* in the Institution's mail box on that same day of November 19th, 2020. Pursuant to *S. Ct. Rule 18.02(A),* any *Motion For Re-consideration* must be filed within ten(10) days after the date of the Supreme Court's decision.

20. On December 1st, 2020, Kelley received notice from the Ohio Supreme Court stating that his *Motion For Re-consideration* was ***un-timely***, due to it not being received until November 24th, 2020 (one(1) subsequent to the November 23rd, 2020 deadline).

21. The Class-based Plaintiff's have diligently (Plaintiff, Kelley, being hand-cuffed and escorted to solitaire confinement in the process of doing so) followed the States Policies and Procedures for obtaining a redress of their grievances/relief (Revised sentence entry) due to a *Crim. R. 32©* defect that rendered their sentences *Void* and *Non-appealable,* just as numerous similarly situated others have. However, the latter have been afforded their *First(1);* and *Fourteenth(14) Amendment Procedural Due process* and *Equal protection under the law* protections/Rights (Revised sentence entry). The Plaintiffs have not. The numerous above-named defendants have been arbitrarily and distinctively using its *Res judicata (State rule of law)* to deny the Plaintiffs the relief it has afforded similarly situated others.

8

22. From this unconstitutional treatment, the Plaintiffs bring this instant lawsuit to redress the infringement of their clearly established Federal Constitutional Rights by the numerous above-named defendants.

23. The Plaintiff, Kelley, continues to incur harassing treatment from defendants Terry King (Librarian, Marion Corr. Inst.) in his continued attempts to access the Institution's law library; and Institution Inspector Plank (Marion Corr. Inst.) *(Plank has made retaliatory threats to restrict Plaintiff, Kelley's access to the Ohio Department of Rehabilitation And Correction's grievance system if he files any further complaints in concerns to the current matter before this Court).*

## COUNT ONE(1):

*THE PLAINTIFFS CHARGE THAT ABOVE-NAMED DEFENDANTS, "ACTING UNDER COLOR OF STATE LAW", HAVE SHOWED A CONTINUED INTEREST IN SUBJECTED THEM, CITIZENS OF THESE UNITED STATES, TO A DEPRIVATION OF THEIR FIRST(1) (REDRESS OF GREIVANCE); AND FOURTEETH(14) (PROCEDURAL DUE PROCESS AND EQUAL PROTECTION UNDER LAW) AMENDMENT RIGHTS SECURED TO THEM VIA THE UNITED STATES CONSTITUTION:*

24. The Plaintiffs re-allege the statements and allegations presented in paragraphs one(1) thru twenty-three(23) as if fully re-written and are incorporated by reference herein.

25. ***42 U.S.C., Section 1983:*** Every person who, under color of any statute, ordinance, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

26. ***FIRST(1) AMENDMENT, U.S. CONST.:*** Congress shall make no law abridging the right of the people to petition the Government for redress of grievances.

27. ***FOURTEENTH(14) AMENDMENT, U.S. CONST.:*** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, or liberty, without Due process of law; nor deny to any person within its jurisdiction the Equal protection of the laws.

28. The Class-based Plaintiffs have been diligently (Plaintiff, Kelley, threatened by prison officials to loss of his First(1) Amendment Right to redress of Grievances; and hand-cuffed and escorted to solitaire confinement for attempts to access his Institutions law library) following the States Policies and Procedures for obtaining a redress of their Grievances/Relief (Revised

sentence entries) due to **Crim. R. 32© defects** that rendered their criminal sentences **Void** and

**Non-appealable,** just as hundreds of other similarly situated others have. However, the

hundreds of similarly situated others have been afforded the **First(1)** and **Fourteenth(14)**

**Amendment Rights/Protections,** while the Plaintiffs have not.

29. The numerous named defendants Arbitrary and Distinctive use of its **Res Judicata Rule**

**_(State law)_** to deny the Plaintiffs the relief it has afforded hundreds of similarly situated others

are a violation of the Plaintiffs **First(1) _(Redress of grievances);_** and **Fourteenth(14) _(Procedural_**

**_Due process_ and _Equal protection) Rights_** guaranteed to them VIA *The United States*

*Constitution.*

### COUNT TWO(2):

**THE PLAINTIFF, KELLEY, CHARGES THAT THE ABOVE-NAMED DEFENDANTS , ACTING WITH**

**RACIAL DISCRIMINATORY ANIMUS, AND IN FURTHERANCE OF THE OBJECT OF A PREVIOUS 42**

**U.S.C. 1985(2) VIOLATION, HAVE CONSPIRED FOR PURPOSE OF IMPEDING, HINDERING,**

**OBSTRUCTING, OR DEFEATING THE DUE COURSE OF JUSTICE IN THE PLAINTIFF'S CRIMINAL**

**CASE, WITH INTENT TO DENY HIM, A CITIZEN OF THESE UNITED STATES, THE EQUAL**

**PROTECTION OF THE LAWS** See **_(Attachment – C, attached hereto)_**

II

30. The Plaintiff asserts and re-alleges paragraphs one(1) thru twenty-nine(9) as if fully re-written herein.

31. *42 U.S.C., Section 1985(2):* If two(2) or more persons in any State or territory conspire to influence the verdict, presentment, or indictment of any Grand or Petit juror in any such court; or if two(2) or more persons conspire for purpose of impeding, hindering, obstructing, or defeating, in any manner, the course of justice in any State or Territory, with intent to deny to any citizen the Equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the Equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

32. *42 U.S.C., Section 1985(3):* In any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

33. *18 U.S.C., Section 242:* Whoever, under color of any law, statute, or custom, willfully subjects any person in any State to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution of The United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both.

34. The major concern of the 42nd Congress in promulgating what is now *Section 1985* – to provide *"A statutory cause of action for negro citizens who have been the victims of conspiratorial, racial discriminatory private action aimed at depriving them of the basic rights that the law secures to all men".*

35. The central concern of the 42nd Congress in passing *The Civil Rights Act, A.K.A. Ku Klux Klan Act of 1871* was to combat the *"violent and other efforts of the Klan and its allies to resist and to frustrate the intended affects [sic] of The Thirteenth(13); Fourteenth(14); and Fifth(15) Amendments.* A principle purpose underlying the legislation was to provide, through a private damages remedy and some protection for blacks.

36. The source of Congressional power to create a cause of action for private conspiracies does not rest in the *Fourteenth(14) Amendments Equal Protection Clause,* as does the cause of

13

action created in **Section 1983** for deprivation of Constitutional Rights under color of state law; rather, the power to reach private conspiracies under **Section 1985(3)** emanates from the **Thirteenth(13) Amendment.** Congress has power under the **Thirteenth(13) Amendment** to determine **"What are the badges and incidents of slavery",** and the authority to translate that determination into effective legislation", without regard to the existence vel non State action.

37.. An individual, regardless of the nature of his employment or official status, who acts with invidious, **Class-based discriminatory animus** and conspires with one or more individuals or acts in furtherance of such conspiracy to deprive another of Clearly established Constitutional Rights can be held liable under **Section 1985(3),** and may not claim its office as grounds for immunity. In other words, a Judicial Officer/Official, or any other State actor for that matter, acting under color of law, who violates and individuals Clearly established Constitutional Rights is not immune from Criminal liability or suite for injunctive or declaratory relief. With the foregoing principles in mind;

38. Subsequent to a **Racially motivated investigation,** Plaintiff, Kelley, was **Discriminatory charged** in a four(4) count indictment by the Stark County Prosecutor's Office in April of 2008:

a. Count one(1): O.R.C. 2903.02(B), Felony murder ... with the underlying offense of Felonious assault. **_(Found not guilty)_**

b. <u>Count two(2)</u>: O.R.C. 2903.02(B), Felony murder ... with the underlying offense of Child

endangering.   (<u>Found guilty</u>)


c. <u>Count three(3)</u>: O.R.C. 2903.11(A)(1), Felonious assault.   ***(Found not guilty)***


d. <u>Count four(4)</u>: O.R.C. 2919.22(b)(1), Child endangering.   (<u>Found guilty</u>)



39. On December 1st, 2008, the Stark County Prosecutor's Office, acting with ***Racial***

***Discriminatory Animus,*** proceeded to trial with these indicted charges ... under the theory of its

star witness, Crystal Sisson (<u>Mizia's mother</u>) alleging that: *"Kelley pulled the victim, Mizia, from*

*a solid-wood, sharped-edged dresser by his feet two(2) to three(3) times, causing the back of*

*Mizia's head and back to impact the floor, which would result in his death three(3) days*

*subsequent".* In large contrast to this ***"Fantastical story",*** Mizia had no injuries to the back of

his head or back, ***"NOT A SINGLE SCRATCH (EMPHASIS ADDED)",*** to corroborate the

prosecution's theory. The only injury Mizia did reveal, was a small cut to the interior of his top

lip, which Crystal Sisson claimed he incurred while she dressed him on top of the same dresser

Kelley supposedly pulled him from. (<u>Numerous Medical Examiners have opine that there is no</u>

<u>way possible Mizia could have been pulled from a dresser of this type and **NOT INCUR A SINGLE**</u>

<u>**SCRATCH** from the dressers sharp edge. That the cut to the inside of Mizia's lip more than likely</u>

<u>resulted from someone applying pressure to that immediate area of Mizia's lip VIA suffocation,</u>

<u>which would account for the swelling of his brain due to a lack of oxygen</u>). Had the prosecution

and the Perry township Police Dept. not have compelled Crystal Sisson, **"a co-defendant to this case"**, expeditiously authorize Mizia's **CREMATION, "a victim of an ongoing homicide investigation",** to conceal the true nature and extent of Mizia's injuries and cause of death, Kelley would have exercised his **Sixth(6) Amendment (confrontation clause) Right** in retaining his own independent pathologist to make these facts formally known. See  **(Attachment – D, attached hereto)**

40. In order to maintain a conviction on the **Racially motivated** indicted charges Kelley was **Wrongfully convicted** of in counts two(2) and four)4) of indictment, the prosecution had the burden of proving beyond a reasonable doubt, the following elements of O.R.C. 2919.22(b)(1) and 2903.02(B):

    a.  The victim was under the age of eighteen;

    **b.**  **"An affirmative act of abuse (emphasis added)";**

    **c.**  Such act was reckless; and

    **d.**  The physical act of abuse resulted in Mizia's death.

41. On December 5th, 2020, and subsequent to a five(5) day jury trial in which the prosecution, acting with **Racial Discriminatory Animus,** presented repetive evidence of Mizia throwing up

repeatedly for an entire week while living in Belmont County, and then the twenty-thee(23)

hours Kelley, Crystal Sisson, Mizia, and MIzia's two(2) year old sister were in Stark County

where Mizia became unresponsive and transported to a local hospital (<u>Aultman</u>), the court

provided the jury with the following instruction:

*"Ladies and gentlemen, it is important that I have your assurance tha you will without*

*reservation, follow my instructions and rulings on the law, and apply that law to this case".*

*"To put it somewhat different, whether you approve or disapprove of the Courts ruling s and*

*instructions, **"It is you solemn duty to accept as correct these statements of law'. "You may***

***not substitute your own idea of what you think (<u>emphasis added</u>)".***

***"CAUSE:*** *The State charges that the act or **"Failure to act (<u>emphasis added</u>)"** --- I'm sorry. The*

*state charges that the act or **"Failure to act"** of the defendant caused the death of MIzia*

*Sisson".*

***"Cause*** *is an essential element of the offense. **Cause** is an act or **"Failure to act"** which in a*

*natural and continuous sequence directly produces the death, and without which would not*

*have occurred"* --- **End of jury instruction.** See **(<u>Attachment – E, attached hereto</u>)**

42. The effect the ***"Fraudulent failure to act ... causation charge"*** had on the jury in

determining its verdicts in counts two(2) and four(4) of indictment (<u>The following is a statement posted on the local newspapers blog by one of the jurors that presided over Kelley's criminal trial in response  to a news conference between the Stark County Prosecutor's Office and the Canton Repository Newspaper</u>):

  *"I would just like to say, first off, don't believe everything you read in the paper. There was not one thing that proved that William Kelley **"Killed (<u>emphasis added</u>)"** or **"Abused (<u>emphasis added</u>)"** Mizia".*

  *"William Kelley was found guilty on the fact that he **"Failed to act (<u>emphasis added</u>)"**. He did not take the child to the hospital even though the child was throwing up repeatedly. If he had did so, the child may have survived. This man will be in prison for the rest of his life because he didn't take another person's child to the hospital".*

  ***"If I had the choice (<u>emphasis added</u>)", It would be the mother in prison for life --- End of juror's statement. (***<u>This juror believed that **Crystal Sisson (White)**, and not **Kelley (Black)**, should have been the one in front of them being prosecuted for Mizia's death</u>). See ***(<u>Attachment – C, attached hereto</u>).***

43. In order to fully grasp what has transpired here, it is of paramount important that this Court have and understanding that the numerous offenses that make up the O.R.C. 2919.22 Statute

can range anywhere from a simple misdemeanor to a serious felony offense:

    a. *Misdemeanor offense*: *O.R.C. 2919.22(A),* the offense Kelley was not indicted and prosecuted for, operates to hold a defendant criminally liable for simply ***"Failing to act (emphasis added)"***. See ***State v. Caton, 137 Ohio App.3d 742, 750.***

    b. *Felony offense*: O.R.C. 2919.22(b)(1), the offense Kelley was indicted and prosecuted for, operates to hold defendant criminally liable for an ***"Affirmative act of abuse (emphasis added)"***. See ***State v. Kamel, 12 Ohio st.3d 306;*** and ***State v.Ivey, 98 Ohio App.3d 249.***

44. As evidenced to the foregoing statement of the juror that presided over Kelley's criminal trial, it is clear that the trial court's ***"fraudulent Failure to act … causation charge"*** was the compelling factor in the jury being ***Manipulated/Mislead*** into ***Wrongfully convicting*** Kelley of the above-referenced Misdemeanor offense of O.R.C. 2919.22(A) (An offense not even triabl in the Court of Common Pleas), for simply ***"Failing to act",*** relieving the prosecution of its burden of proving the elements of the more serious offense of O.R.C. 2919.22(b)(1), the offense he was not on trial for. See ( ***(Attachment – C attached hereto)***

*IN SUMMARY:*

45. Pulling Mizia from a dresser by his feet to the end that he dies from the fatal injuries

incurred as a result three(3) days subsequent, is by all means: *"Knowingly causing serious*

*physical harm to another (codified at 2903.11(A)(1) )",* resulting in *"Felony murder (codified at*

*2903.02(B) )".* The jury, rightfully so, found Kelley *"Not guilty"* of these offenses. It was not

until the prosecution placed Kelley's freedom in jeopardy a second(2) time, for the same

offense VIA a *"Fraudulent Failure to act … causation charge"* that the prosecution would finally

gain the guilty verdict it could not have gained without the *"Fraudulent Failure to act …*

*causation charge".* See *Stromberg v. California, 283 U.S. 359; Williams v. North Carolina, 317*

*U.S. 387, 292;* and *Zant v. Stephens, 462 U.S. 862, 881 (* Where the court described its

*Stromberg* holding as follows: *"A general verdict must be set aside if the jury was instructed*

*that it could rely on any two(2) or more independent grounds (Act or failure to act), and one of*

*those grounds is insufficient (Failure to act)" ).* This *Failure to act … causation charge"* was the

*first(1) prong* of a *five(5) prong Plan/Scheme* directed at the judicial machinery to intentionally

*Mislead/Decieve* the jury and improperly influence the verdict presentment of jurors over

Kelley's criminal trial. See *Bulloch v. United States, 721 F.2d 713, 718; Wheat v. City of E .*

*Cleveland, 2020 Dist. Lexis 12896;* and *Kenner v. Commissioner, 387 F.2d 89 ("A decision*

*produced VIA Fraud upon the court is in essence, not a decision at all")*

*SECOND(2) PRONG:*

46. The Plaintiff re-alleges the statements and allegations presented in paragraphs one(1) thru forty-five(45) herein as if fully re-written and are incorporated by reference herein.

47. In furtherance of its ***Racially motivated conspiratorial Scheme/Plan*** the Stark County Prosecutor's Office instructed the jury that it could not consider or allow the 15 year to life mandatory sentence that legislation has mandated be served for commission of O.R.C. 2903.02(B) effect its deliberations. When the jury convicts a defendant of Felony murder (O.R.C. 2903.02(B) ), they are also making the determination that the defendant serve 15 years to life. Allowing this misleading and conspiratorial conduct to go unchecked has the same effect as the trial court instructing the jury to ignore legislature's legislative intent, or mandates if you will.

*THIRD(3) PRONG:*

48. The Plaintiff re-alleges the statements and allegations presented in paragraphs one(1) thru forty-seven(47) herein as if fully re-written and are incorporated by reference herein.

49. In furtherance of its ***Racially motivated conspiratorial Scheme/Plan*** the Stark County Prosecutor's Office omitted the elements and degree of offense(s) from the verdict forms

submitted to the jury for its considerations. See *State v. Lampkin, Ohio App.3d 771;* and *State*

*v. Pelfrey, 112 Ohio st.3d 422* (*"Pursuant to the clear language of R.C. 2945.75, a verdict form*

*signed by a jury must include either the degree of the offense of which the defendant is*

*convicted, or a statement that an aggravating element has been found, to justify convicting a*

*defendant of a greater degree of a criminal offense").*

### FOURTH(4) PRONG:

50. The Plaintiff re-alleges the statements and allegations presented in paragraphs one(1) thru

forty-nine(49) herein as if fully re-written and incorporated by reference herein.

51. In furtherance of its *Racially motivated conspiratorial Scheme/Plan* the Stark County

Prosecutor's Office conspired with the Stark County Sheriff's Office to *BURGLARIZE* juror 176's

home the night before deliberations for purpose of *"Intimidating"* and *"Influencing"* the

verdict presentment of juror 176. See ¡ *(Attachment – F attached hereto)*

**FIFTH(5) PRONG:**

52. The Plaintiffs re-alleges the statements and allegations presented in paragraphs one(1) thru fifty-one(51) herein as if fully re-written and incorporated by reference herein.

53. In furtherance of its *Racially motivated, conspiratorial Scheme/Plan* the Stark County Prosecutor's Office *Conspired* with the Perry Township Police Department to expeditiously have Crystal Sisson, *"a co-defendant to an ongoing homicide investigation (emphasis added)"*, sign authorization to *"Cremate"* Mizia for purpose of concealing the true extent/nature of Mizia's injuries and cause of death. (Numerous Medical Examiners have opine that it is scientifically and logically no way possible Mizia could have been pulled from a solid-wood, sharp-edged dresser by his feet two(2) to three(3) times, and *"NOT INCUR A SINGLE SCRATCH"* to the back of his head or back from the dresser's sharp edge). See *(Attachment – D, attached hereto)*

54. The *Racially motivated, discriminatory* acts of the above-named defendant state actors, in furtherance of the object of a previous *42 U.S.C., Section 1985(2)* violation, demonstrate a clear deliberate indifference and reckless disregard to the protections and guarantees provided to the Plaintiff, Kelley's, fundamental and self-evident rights enumerated and provided by the *Civil Rights Act,* A.K.A., *Ku Klux Klan Act of 1871.*

## *COUNT THREE(3):*

*THE PLAINTIFFS CHARGE THAT THE ABOVE-NAMED DEFENDANT, MAUREEN O'CONNOR, "ACTING UNDER COLOR OF STATE LAW", HAS ARBITRARILY SUBJECTED THE PLAINTIFFS, CITIZENS OF THESE UNITED STATES, TO A DEPRIVATION OF THEIR FIRST(1) (ACCESS TO COURT(S) ); AND FOURTEENTH(14) (PROCEDURAL DUE PROCESS AND EQUAL PROTECTION UNDER LAW) AMENDMENT RIGHTS, IN RESTRICTING THE PLAINTIFFS ACCESS TO THE OHIO SUPREME COURT:*

55. The Plaintiffs re-allege the statements and allegations presented in paragraphs one(1) thru fifty-four(54) as if fully re-written and are incorporated by reference herein.

56. On August 18th, 2020, Plaintiff, Kelley, filed a *Writ of Prohibition to the Ohio Supreme Court.*

57. On September 10th, 2020, The Ohio Attorney General's Office filed a *Motion to dismiss.*

58. On November 12th, 2020, The Ohio Supreme Court granted the Ohio Attorney General's *Motion to dismiss.* Due to issues of Marion Correctional Institutions's  continued acts of

obstructing Plaintiff, Kelley's, access to Courts, Kelley prepared a prepared *Motion for re-consideration* in anticipation to the Ohio Supreme Courts decision.

59. After receiving notice from the Ohio Supreme Court of its November 12th, 2020 decision on November 17th, 2020 (Seven(7) days subsequent to the Supreme Court's November 12th decision), with only three(3) days remaining to file his *Motion for re-consideration*, Kelley placed the pre-prepared *Motion for re-consideration* in the Institutions mail box system that very same day of November 17th, 2020. Pursuant to **S. Ct. Rule 18.02(A),** any *Motion for re-consideration* must be filed within ten(10) days after the date of the Supreme Court's Decision. (Legal mail requiring extra postage takes several days to be processed before leaving the Institution).

60. On December 1st, 2020, Kelley received notice from the Ohio Supreme Court stating that his *Motion for re-consideration was **Un-timely,*** due to the Court not receiving the Motion until November 24th, 2020 (one(1) day subsequent to the November 23rd, 2020 deadline). There was no way possible for Kelley to meet the Court's strict filing requirement, even with a pre-prepared Motion in anticipation of a decision by the Court. See ***(Attachment – G, attached hereto)***

61. Due to the Ohio Supreme Court's strict adherence to its Rules of Practice (<u>Filing requirements</u>), the Plaintiffs (<u>inmates</u>) have and continue to incur a serious impairment (<u>Restriction</u>) of the ***First(1) Amendment Rights*** in accessing the Ohio Supreme Court.

62. The City of Canton and The Ohio Dept. Of Rehab. And Corr. Are likened to an alcoholic which although they have not drunk from the wine of Civil litigation for some time, have nonetheless, and have in effect, completed their in residence treatment program and been declared a "winner" in their addiction and proneness to violate the Constitution. Nonetheless, it appears they have hidden the bottle of their lapses quite well from those who were responsible for their careful monitoring. See ***Harris v. City of Canton*** and ***Fussel v. Wilkerson.***

63. It would appear the City of Canton and Ohio Dept. Of Rehab. And Corr. Have been found to have imbibed again in the spirits of Unconstitutional treatment of its citizens and now, systemic racism. They have fallen off the proverbial wagon, again in terms of their tendency to perform, in accordance with their local custom and habits, and well documented pattern and practice of allowing or condoning various Unconstitutional and racist acts towards citizens like the plaintiff(s) herein. It appears the City of Canton and Ohio Dept. Of Rehab. And Corr. Is having a truly difficult time in obtaining a true and wholly Constitutional oriented and fully compliant environment.

## *DAMAGES AND DEMAND*

64. As to **COUNT ONE(1),** the Plaintiff(s) bring suit against and *DEMANDS DECLARATORY JUDGMENT* and corresponding *INJUNCTIVE RELIEF* in the form of **Re-sentence hearings** on behalf of all known class members, and all future classes of indefinite size, against Kristin Farmer (Judge, Stark County Court of Common Pleas); Allison Breaux (Judge, Summit County Court of Common Pleas); et. Al., due to the Defendant(s) **Unconstitutional, Selective,** and **Discriminatory** application of Ohio's **Res judicata law,** which violates the Plaintiff(s) **First(1) (Redress of grievances); Fourteenth(14) (Procedural Due Process and Equal Protection under law) Amendment Rights (Along with Criminal counter-part 18 U.S.C., Section 242)** protected VIA the United States Constitution. The Plaintiff(s) further pray and *DEMAND JUDGMENT* against the Cities of Canton and Akron for condoning and/or tacitly approving and failing to prevent the Unconstitutional deprivations suffered by the Plaintiff(s) herein wherein City officials knew the Clearly established law. Plaintiff, Kelley, further brings suit against and *DEMANDS JUDGMENT AGAINST* the Ohio Department of Rehabilitation And Correction Defendant Officer(s)/Official(s), Terry King (Librarian, Marion Correctional Institution); Plank (Institution Inspector, Marion Correctional Institution); and Lt. Harr (C.O., Marion Correctional Institution) in an amount in excess of $25,000.00 for the various individuals actions which resulted in serious impairment of the Plaintiff's **First(1)** and **Fourteenth(14) Amendment Rights (Along with Criminal counter-part 18 U.S.C., Section 242)** protected VIA of the United States

Constitution. This liability is joint and severally among the various named individual

defendant(s).


65. As to **COUNT TWO(2),** the Plaintiff, Kelley, brings suit and *DEMANDS DECLARATORY*

*JUDGMENT AGAINST* Kristin Farmer (<u>Judge, Stark County Court of Common Pleas</u>) for acting in

furtherance of the object of a previous **42 U.S.C., Section 1985(2) Violation** for purpose of

impeding, hindering, obstructing, or defeating the Due course of justice, and depriving the

Plaintiff of having and exercising his Rights and Privileges  as a United States Citizen. The

Plaintiff, Kelley, further brings suit against and *DEMAND JUDGMENT AGAINST*  the City of

Canton for condoning and/or tacitly approving the **SYSTEMIC RACISM** of its City Officials. The

Plaintiff, Kelley, further brings suit against and *DEMANDS JUDGMENT AGAINST* The Ohio

Department of Rehabilitation And Correction defendant Officer(s)/Official(s) Terry King (<u>Marion</u>

<u>Correctional Institution</u>); Plank (<u>Marion Correctional Institution</u>); and Lt. Harr (<u>Marion</u>

<u>Correctional Institution</u>) for the various individuals acts in furtherance of a previous **42 U.S.C.,**

**Section 1985(2) Violation** or purpose of impeding, hindering, obstructing, or defeating the Due

course of justice, and depriving the Plaintiff of having and exercising his Rights and privileges as

a United States Citizen. The Plaintiff, Kelley, further brings suit against and *DEMANDS*

*JUDGMENT AGAINST* The Ohio Department of Rehabilitation And Correction for condoning

and/or tacitly approving the **SYSTEMIC RACISM** within its Department.

66. As to **COUNT THREE(3),** the Plaintiff(s) bring suit against and *DEMANDS DECLARATORY JUDGMENT AGAINST* Maureen O'Connor for subjecting the Plaintiff's  to a Deprivation of their ***First(1) (Access to court(s) )*** and ***Fourteenth(14) (Procedural due process** and **Equal protection under law) Rights*** in restricting the Plaintiffs access to the Ohio Supreme Court.

67. The Plaintiffs seek all other reasonable relief, including but not limited to reasonable fees associated with the execution of this suit. The Plaintiffs are of modest means and having institute such remedial litigation to remedy their basic Constitutional losses herein is a burden to them and their family in general.

*Respectfully submitted,*

*/S/ William L. Kelley #560890*
*M.C.I.*
*P.O. BOX 57*
*Marion, OH. 43301*

## _Injunctive Relief From Any Retaliation and/or Harassment for Filing Suit:_

00. The Plaintiff, Kelley, seeks an injunction to stop or prevent any further harassment by officials/employees  employed by the Ohio Department Of Rehabilitation And Correction deriving from the fact he has filed a lawsuit to vindicate his Civil Rights. Therefore, he seeks the available Federal Claim Party Protection for those who have brought Civil Rights oriented litigation in Federal Court in enforcement of their individual Rights under **_The Civil Rights Act, A.K.A., Ku Klux Klan act of 1871,_** as every American should be under this Act. The historical role of two of the Nation's longest and unique consent decree which the Ohio Department Of Rehabilitation and the City of Canton's long standing practices necessitated, speaks to these very serious claims background and provides the special context of the policy claims asserted and the protections, damages and relief sought by the Plaintiff, William L. Kelley. See **_Harris v. City of Canton;_** and **_Fussel v. Wilkerson._**

## ***JURY TRIAL DEMAND***

A Trial by Jury is Demanded on all the issues triable at law and upon all facts as alleged herein.

William L. Kelley

## *INSTRUCTIONS FOR SERVICE*

The Clerk is hereby instructed to provide Service by Summons by Certified

Return Receipt U.S. Mail Delivery upon all the named Defendants.