# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. KELLEY, *et al.*, | ) | CASE NO.  5:21-cv-649 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| KRISTIN FARMER, *et al.,* | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## Background

*Pro se* Plaintiffs William L. Kelley and John Simmons, Ohio inmates incarcerated in the Marion Correctional Institution ("MCI"), have filed a "class action" civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 against multiple defendants.  (Doc. No. 1.)  They sue: the City of Canton; the City of Akron; Stark and Summit County Court of Common Pleas Judges Kristin Farmer and Alison Breaux; Ohio Supreme Court Justice Maureen O'Connor; the Ohio Department of Rehabilitation and Correction ("ODRC"); and MCI employees Lieutenant Harr, Librarian Terry King, and Institutional Inspector Plank.  (*Id*. at 2, ¶ 3.)

Although their complaint is unclear and difficult to parse, the gravamen of their class complaint is that their constitutional rights were violated because they were denied re-sentencing hearings they sought in their state criminal cases based on Ohio's res judicata law.  They state: "The Class-based Plaintiffs have diligently . . . followed the States Policies and Procedures" in seeking resentencing; however, the "named defendants have been arbitrarily and distinctively

using its Res judicata (State rule of law) to deny the Plaintiffs the relief [they] have afforded similarly situated others."  (*Id*. at 8, ¶ 21.)

Their complaint contains three counts.  In Count One, Plaintiffs allege that "the numerous named defendants Arbitrary and Distinctive use of its Res Judicata Rule . . . to deny the Plaintiffs the relief it has afforded hundreds of similarly situated others are a violation of the Plaintiffs First(1)(Redress of grievances); and Fourteenth(14)(Procedural Due Process and Equal Protection) Rights guaranteed to them VIA the United States Constitution."  (*Id*. at 11, ¶ 29.)

In Count Two, Plaintiff Kelley alleges that the defendants engaged in an unlawful conspiracy against him in his Stark County criminal case.  (*Id*. at 11-23.)  He alleges the "named defendants, acting with racial discriminatory animus, and in furtherance of a previous 42 U.S.C. 1985(2) violation, have conspired for [the] purpose of impeding, hindering, obstructing, or defeating the due course of justice" in his criminal case "with intent to deny [him] . . . the equal protection of the laws."  (*Id*. at 11.)

And in Count Three, Plaintiffs allege that Ohio Supreme Court Justice Maureen O'Connor violated their constitutional rights by "restricting [their] access to the Ohio Supreme Court" in their state criminal cases.  (*Id*. at 24.)

For relief, Plaintiffs seek damages and declaratory and injunctive relief "in the form of Re-sentenc[ing] hearings" in their state criminal cases.  (*Id*. at ¶¶ 64-66.)

With their complaint, Plaintiffs have filed a Motion for Class Certification pursuant to Fed. R. Civ. P. 23, seeking certification of a class of "past, present, and future inmates who were unconstitutionally denied re-sentencing hearings due to state Courts applying its Res judicata

law." (Doc. No. 2.)  Plaintiff Kelley has also filed a motion to proceed *in forma pauperis* (Doc. No. 3), which has been granted by separate order.

## Standard of Review

Because Plaintiffs are proceeding *in forma pauperis* and seek relief from governmental defendants, their complaint must be reviewed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require district courts to screen all in forma pauperis complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Although a complaint filed by a *pro se* plaintiff is "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid a dismissal for failure to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A and 1915(e)(2)(B)).

## Discussion

Upon review, the Court finds that Plaintiffs' complaint must be dismissed in accordance with §§ 1915A and 1915(e)(2)(B) for multiple reasons.

First, the complaint is subject to dismissal because it fails to meet basic pleading requirements by indicating how Plaintiffs contend each of the individual defendants was personally involved in the rights violations they allege.  It is a basic pleading requirement that a plaintiff attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where, as here, persons are named as defendants without allegations of discernible specific conduct relating to their claims, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").[1]

Second, the complaint fails to allege plausible claims against the City of Akron and City of Canton.  There is no respondeat superior liability for constitutional rights violations under § 1983, and Plaintiffs have not alleged facts in their complaint sufficient to demonstrate that an official policy or custom of either City caused a violation of their constitutional rights.  *See Moniz v. Hines*, 92 F. App'x 208, 211 (6th Cir. 2004) (dismissing complaint against a local government for failing to allege that a constitutional right violation occurred pursuant to a municipal custom, usage, or official policy).

---

[1] Although Plaintiffs allege some specific conduct as to defendants King and Plank relating to Plaintiff Kelley's access to the prison law library and grievance system (*see* Doc. No. 1 at 9, ¶23), Plaintiffs do not discernibly connect those allegations to the counts for relief alleged in their complaint.  Liberal construction of *pro se* pleadings does not require a court to "guess at the nature of the claim asserted" *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), or to "create a claim" for *pro se* plaintiff that he "has not spelled out in his pleading."  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

Third, the Ohio judges Plaintiffs sue (Judges Farmer and Breaux and Justice O'Connor) are entitled to absolute immunity from Plaintiffs' suit arising from their rulings and actions taken in their judicial capacity in Plaintiffs' state-court criminal cases. *See Cooper v. Rapp*, 702 F. App'x 328 (6th Cir. 2017) (holding that state-court judge was entitled to absolute immunity in § 1983 action seeking damages, and injunctive and declaratory relief).

Fourth, the ODRC is not an entity subject to suit under § 1983. *Parker v. Michigan Dept. of Corrections*, 65 F. App'x 922, 923 (6th Cir. 2003) (affirming dismissal of § 1983 action against Department of Corrections on basis Department is not a "person" subject to suit).

Fifth, even assuming Plaintiffs' complaint were sufficient to allege a constitutional claim or claims against some defendant in the case, *all* of the claims or "counts" they assert n their complaint are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner has no cognizable claim for relief under § 1983 if a ruling on the claim would render a state conviction or sentence invalid unless and until the prisoner shows that the conviction or sentence has already "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *Heck*' s holding by its terms originally applied only to § 1983 claims seeking monetary damages, and the Supreme Court later extended *Heck* to apply to claims for injunctive and declaratory relief. "[A] state prisoner's § 1983 action is barred . . . - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby*, 481 F.3d 434, 438-39

5

(6th Cir.2007) (emphasis added) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)); *see also Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)).  *Heck* also applies to conspiracy claims brought under § 1985.  *See Lanier v. Bryant*, 332 F.3d 999,1005–06 (6th Cir. 2003) (holding that a plaintiff's claim brought under § 1985 was barred because "he sought relief which essentially attacked the lawfulness of his conviction, without first having that conviction set aside").

Here, *Heck* bars all of Plaintiff's alleged claims because a ruling in Plaintiffs' favor on each of the claims would necessarily imply the invalidity of their state criminal sentences or convictions, and Plaintiffs have not alleged or shown that their convictions or sentences have been invalidated or called into question in any of the ways articulated in *Heck*.[2]  Therefore, Plaintiffs' complaint on its face fails to allege a cognizable federal civil rights claim upon which they may be granted relief under either § 1983 or § 1985.

Finally, Plaintiffs are not entitled to pursue a class action lawsuit on behalf of other inmates.  Individuals are permitted under 28 U.S.C. § 1654 to "plead and conduct their own cases personally" in federal court without an attorney, but this provision does not authorize a non-attorney to bring suit on behalf of a third person.  *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal

---

[2]The Court's own research indicates Plaintiffs' convictions and sentences have not been so invalidated or set aside. *See, e.g., State v. Kelley*, 2018 -Ohio- 5372, ¶ 1, 2018 WL 6921659, at *1 (Ohio App. 5th Dist. Dec. 31, 2018) (affirming Stark County Court of Common Pleas judgment denying Plaintiff Kelley's motion for resentencing); *Kelley v. Smith*, No. 5:10 CV 731, 2012 WL 1551276, at *1 (N.D. Ohio Apr. 30, 2012) (dismissing Kelley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254); *State ex rel. Simmons v. Stormer*, 2019 -Ohio- 3875, ¶ 1, 2019 WL 4674398, at *1 (Ohio App. 9th Dist. Sept 25, 2019) (dismissing Plaintiff Simmons's petition for a writ of mandamus seeking to compel resentencing); *aff'd*, *State ex rel. Simmons v. Breaux*, 160 Ohio St.3d 223 (Ohio 2020).

courts have long held that Section 1654 preserves a party's right to proceed pro se, but only on his own claims; only a licensed attorney may represent other persons.").  Plaintiffs are proceeding without an attorney and have not alleged a cognizable claim for relief; therefore, there is no valid basis to authorize a class action here.

**Conclusion**

For all of the foregoing reasons, Plaintiffs' Motion for Class Certification is denied and this action is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   **IT IS SO ORDERED.**

Date:  7/19/2021

_____
J. Philip Calabrese
U.S. District Judge